UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Henry Lee Pinckney, | ) | Civil Action No.: 2:19-939-BHH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| U.S. Government, State of South Carolina, | ) | |
| Defendants. | ) | |

## **BACKGROUND**

Plaintiff Henry Lee Pinckney ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against U.S. Government and State of South Carolina ("Defendants"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling and a Report and Recommendation ("Report"). On June 20, 2019, the Magistrate Judge issued a Report (ECF No. 11) recommending that this case be dismissed without prejudice and without service of process, finding *inter alia* that Plaintiff has "failed to state a claim because his allegations are so generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or 'gibberish,' that it is unclear what is to be made of them." (ECF No. 11 at 6.) Plaintiff filed a timely objection to the Report. (ECF No. 13.) Plaintiff's objection fails to point to any specific error in the Magistrate Judge's Report. Rather, the objection consists of rambling, incomprehensible, and disjointed statements. (*See id.*) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

1

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As noted above, Plaintiff filed objections to the Magistrate Judge's Report, which the Court has carefully reviewed. The objections fail to state any specific objection to the Magistrate Judge's sound reasoning or direct the Court to any specific error in the proposed findings and recommendation that Plaintiff's complaint be dismissed without prejudice and without issuance and service process. The Court agrees with the Magistrate Judge's comprehensive and well-reasoned Report. After careful review, the Court finds that the Magistrate Judge fairly and accurately summarized the facts, applied

the correct principles of law, and committed no error. Moreover, the Court finds that Plaintiff's objections lack merit, and they are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's complaint is dismissed without prejudice, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 3, 2019
Greenville, South Carolina

*****

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.